IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| MARIELLA T. CONFAIR<br>f/k/a MARIELLA T. LOHMAN | : | BANKRUPTCY NO.: 5-15-bk-02524-JJT |
| DEBTOR | : | |
| FREDERICK LOHMAN | : | {**Nature of Proceeding**: Motion to Dismiss Counts I and II of the Complaint (Doc. #4)} |
| PLAINTIFF | : | |
| vs. | : | |
| MARIELLA T. CONFAIR<br>f/k/a MARIELLA T. LOHMAN | : | |
| DEFENDANT | : | ADVERSARY NO.: 5-15-ap-00152-JJT |

# OPINION

Mariella T. Confair, Debtor-Defendant, has filed a Rule 12 Motion to Dismiss the Complaint of her former spouse, Frederick Lohman, which Complaint seeks to determine the nondischargeability of certain debts owing to Plaintiff and seeks to dismiss the bankruptcy as one filed in bad faith. The Motion to Dismiss the Complaint does not address Plaintiff's request to dismiss the bankruptcy (Count III) but focuses on the remaining two Counts of the Complaint alleging that the debt owed by the Defendant is a student debt under 11 U.S.C. § 523(a)(8) (Count I) and a domestic support obligation under § 523(a)(5) (Count II).

The Complaint incorporates by reference the Proof of Claim filed by the Plaintiff in this case and appearing of record as Claim No. 8. That claim is for "approx $120,000" and claims priority under § 507(a)(1)(A) or (a)(1)(B). Notwithstanding the priority claim identified in the Proof of Claim, the Plaintiff alleges in Count I that the Defendant-Debtor should not be

discharged inasmuch as the debt falls within the student loan exception of § 523(a)(8). The report of the Master in Divorce, attached to the Proof of Claim, indicates that while the Plaintiff and the Defendant were married, the Plaintiff executed a student loan for the sole benefit of the Defendant's daughter. There was no indication of any other signatory to the loan beside the Plaintiff. At the time of the Master's hearing regarding the Divorce, the loan balance approximated $96,000. The Master concluded that the Defendant-Debtor should be responsible for the entire loan. That recommendation was approved by the State Court judge by Final Decree dated March 13, 2012.

The crux of the issue before me is whether these allegations, assuming they are proven, can support a finding of nondischargeability under § 523(a)(8).

My analysis best begins with the statute.

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
> . . .
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--
> (A) (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

The Plaintiff does not indicate under which subsection of § 523(a)(8) the Plaintiff is pursuing his claim.

I initially note that exceptions to discharge are narrowly construed against the creditor and in favor of the debtor. *In re Segal*, 57 F.3d 342, 346 (3rd Cir. 1995).

The most obvious issue I confront is that the Defendant-Debtor is apparently not a signatory to the student loan, nor is she a beneficiary. The Complaint does not even allege that the daughter of Defendant-Debtor was a minor or a dependant. I have found no authority that one who is not a maker, co-maker, or guarantor on a student loan would be subject to the nondischargeablity provisions of § 523(a)(8). I do find instructive the case of *In re Segal*, 57 F.3d at 350, which concludes that a debt owing to an employer who has paid one's student loan does not make the loan from the employer, nondischargeable. In similar fashion, in the case before me, the State Court directed the Debtor-Defendant to "make monthly payments directly to the Plaintiff, in the amount determined by Sallie Mae, by the 15th day of each month." Proof of claim attachment Order of Luzerne County Court dated 6/2/15. In a similar case, it was held that a spouse obligated to pay a student loan by virtue of a divorce court order but not a signatory of the loan was not subject to the nondischargeability provisions of § 523(a)(8). *Corso v. Walker*, 449 B.R. 838 (W.D.Pa. 2011).

In order to defend a Rule 12 Motion, there must be enough facts pled to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Here, undoubtedly, the allegations are such that whatever is owed to the Plaintiff by the Defendant-Debtor ostensibly arose from a divorce.

I conclude that the obligation emanating from these facts are best classified as debts owing a former spouse incurred in the course of a divorce, and not a student loan, which debt would be excepted under § 523(a)(8). The Rule 12 Motion must be granted as to Count I.

As stated by our Circuit in *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008), "*Twombly* 'simply calls for enough facts to raise a reasonable expectation that discovery

will reveal evidence of" the necessary element." Citing to *Twombly*, *supra*. Count II of the Complaint satisfies that standard.

      My Order will follow.

By the Court,

Date: April 15, 2016

John J. Thomas, Bankruptcy Judge
(CMS)